UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CIGLAR, | 1:99-CV-06268 WMW HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| RAYMOND ANDREWS, Warden, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| Respondent. | |

Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

This case was previously assigned to Magistrate Judge Hollis G. Best. During the pendency of this action, Magistrate Best passed away, and on August 12, 2002, the case was erroneously closed and no longer appeared on the Court's docket as an active case. Recently, the Court discovered this error. On April 29, 2008, the case was reassigned to the undersigned.

**FACTUAL BACKGROUND**

Petitioner is a former federal prisoner in custody at the Taft Correctional Institution who was serving a sentence of 120 months with an 8 year term of supervised release to follow pursuant to a judgment of the United States District Court entered on November 10, 1992.

On March 1, 2000, Petitioner was released to home confinement in the State of Nevada. He

was thereafter released on June 28, 2000, and placed on 8 years supervised release. The instant petition was filed on August 26, 1999. Respondent's answer was filed on March 23, 2000. Petitioner filed his traverse on June 15, 2000.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on January 20, 1999, in which he was found guilty of violating the Bureau of Prisons ("BOP") rules against conducting a business and receiving money from another person. The disciplinary hearing officer found Petitioner guilty of the charges. As a result, Petitioner received a disciplinary transfer and assessed a thirty (30) day loss of commissary and telephone privileges.

## DISCUSSION

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

In this case, the disciplinary proceeding did not result in the loss of good time credits. Petitioner only sustained a disciplinary transfer and loss of telephone and commissary privileges. The Court also finds no collateral consequences resulted from the disciplinary finding. The violations

1  committed by Petitioner, according to the BOP Program Statement 5100.07, cannot be used for
2  classification purposes unless they occurred within the past year.  At the time Respondent filed the
3  answer, the violation committed by Petitioner had occurred over two years before and Petitioner had
4  not sustained any collateral consequences. Therefore, no constitutional due process rights were
5  implicated by the disciplinary proceeding.
6        Notwithstanding, Petitioner received all procedural due process protections. He was provided
7  advance written notice of the charges on December 17, 1998. <u>See</u> Respondent's Response to Order
8  to Show Cause, Exhibit C. He was provided an opportunity to be heard and to present evidence and
9  witness testimony. <u>Id</u>. He was provided a written statement of the findings. <u>See</u> Respondent's
10 Response to Order to Show Cause, Exhibits 1, A, B, C, D, E. In addition, Petitioner does not argue
11 the finding was not supported by "some evidence." Therefore, no due process violation occurred.
12 Accordingly, the petition is meritless and must be denied.

13 **ORDER**

14     Accordingly, IT IS HEREBY ORDERED:
15 1) The petition for a writ of habeas corpus is DENIED; and
16 2) The Clerk of Court be DIRECTED to enter judgment.
17
18
19 IT IS SO ORDERED.
20 **Dated:   April 30, 2008**      /s/  **William M. Wunderlich**
                                     UNITED STATES MAGISTRATE JUDGE
21
22
23
24
25
26
27
28